NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

SHAWN I., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, L.I., A.I., *Appellees*.

No. 1 CA-JV 16-0359
FILED 2-21-2017

Appeal from the Superior Court in Maricopa County
No. JD529750
The Honorable Janice K. Crawford, Judge

**AFFIRMED**

COUNSEL

Vierling Law Offices, Phoenix
By Thomas A. Vierling
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Cathleen E. Fuller
*Counsel for Appellee DCS*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge James P. Beene joined.

---

**J O H N S E N**, Judge:

**¶1**        Shawn I. ("Father") appeals the superior court's order finding his two children dependent.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        The children, born June 2014 and August 2015, respectively, are Indian children.  Janine I. ("Mother") and Father are separated, but share joint custody.  Per a visitation schedule set forth by the superior court, the children were brought to Father's home on February 8, 2016 and remained under his care until February 12, 2016.  When Father attempted to return the children to Mother at her residence on February 12, Mother was not there; the only person present was Mother's significant other, Cory M.  Although Father had alleged that Cory M. threatened to hurt one of the children on one occasion and pressed a spark plug to the other's "private area" on another, he left the children in Cory M.'s care.

**¶3**        Later that night, Cory M. and the children picked up Mother from work.  Mother saw several purple bruises on the left side of one child's face and "scars/marks" on the other's legs.  Alarmed, Mother immediately took the children to the hospital.

**¶4**        At the hospital, one child was diagnosed with severe diaper rash stretching from his pubic area to his inner thighs.  The rash had scabbed over in numerous places and become "extremely infected."  The child also suffered from dehydration and an ear infection.

**¶5**        The other child, not quite six months old at the time, suffered from dehydration and severe diaper rash.  The infant's diaper rash hadn't yet scabbed over, but it had caused a urinary tract infection.  In addition, she suffered from bronchiolitis, chest congestion, trouble breathing and a "very high temperature."  Lastly, doctors concluded that the bruising on the

infant's face was consistent with what one might observe after a face is grabbed by a hand.[1]  Her condition required four days' hospitalization.

¶6        The Department of Child Safety ("DCS") removed the children directly from the hospital and asked the court to find them dependent as to Mother and Father.[2]

¶7        The dependency adjudication hearing began in August 2016. After hearing the evidence, the superior court found the children dependent as to Father.  Father timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statutes ("A.R.S.") sections 8-235(A) (2017), 12-2101 (2017) and Arizona Rule of Procedure for the Juvenile Court 103(A).[3]

## DISCUSSION

¶8        We review a superior court's order from a contested dependency hearing for an abuse of discretion and will affirm unless no reasonable evidence supports the court's findings.  *See Willie G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 231, 234, 235, ¶¶ 13, 21 (App. 2005).  "On review of an adjudication of dependency, we view the evidence in the light most favorable to sustaining the [superior] court's findings."  *Id.* at 235, ¶ 21.

¶9        Under Arizona law, a dependent child is one "[i]n need of proper and effective parental care and control and . . . who has no parent or guardian willing to exercise or capable of exercising such care and control," or "[a] child whose home is unfit by reason of abuse, neglect, cruelty or depravity by a parent."  A.R.S. § 8-201(15)(a)(i), (iii) (2017).  The petitioner has the burden of proving the child is dependent by a preponderance of the evidence.  A.R.S. § 8-844(C)(1) (2017); Ariz. R.P. Juv. Ct. 55(C).  If, as in this case, the child is an Indian child, the petitioner also must prove, "by clear and convincing evidence, including testimony of qualified expert

---

[1]     Cory M. later admitted to police that he grabbed the infant by her face and lifted her up in order to remove her from her car seat just prior to retrieving Mother from work on the night of February 12, 2016.

[2]     The children were found dependent as to Mother after she waived her right to contest the dependency petition.  She is not a party to this appeal.

[3]     Absent material revision after the relevant date, we cite a statute's current version.

witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child." Indian Child Welfare Act ("ICWA") of 1978, 25 U.S.C. § 1912(e) (2012); *accord* Ariz. R.P. Juv. Ct. 55(C).

¶10 Father argues insufficient evidence supports a finding that the children would be exposed to a risk of abuse or neglect if they were returned to him. He contends he has participated in a drug-abuse program, has successfully participated in services, has clean and safe housing and has attended some of the children's medical appointments.

¶11 Contrary to Father's arguments, reasonable evidence supports the superior court's finding that the children would be at risk of medical neglect in Father's care. Father has a history of neglecting the medical needs of children under his care. In an April 2013 case that the superior court characterized as strikingly similar to this one, Father's parental rights were terminated as a result of medical neglect. In granting the dependency in this case, the court noted that, although the children were under his care at all times during the four days immediately before their hospitalization, Father refused to accept any responsibility for their condition at the time of their arrival to the hospital. As for his contention that he has engaged in the required services, the court was skeptical, stating that Father "will say whatever he thinks will further his own agenda, regardless of the absolute accuracy of his testimony." The court ruled that under the circumstances, Father needed to engage in additional services and demonstrate that he could maintain an appropriate home for the children.

¶12 Similarly, reasonable evidence supports the superior court's finding that continued custody of the children by Father would likely result in serious emotional or physical damage to them. In addition to the evidence recounted above, an ICWA expert testified that continued custody of the children by Father would likely result in serious emotional or physical harm to the children. Based on this record, sufficient evidence supported the superior court's finding that the children would be at risk of medical neglect in Father's care and would likely suffer serious emotional or physical damage if returned to him.

**CONCLUSION**

¶**13**	For the foregoing reasons, we affirm the superior court's order finding the children dependent as to Father.



AMY M. WOOD • Clerk of the Court
FILED:  AA